**Jarrell Joshua FREEMAN, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1638–11.**

Court of Criminal Appeals of Texas.

Feb. 8, 2012.

Joseph Salhab, Houston, for Appellant.

Donald W. Rogers, Jr., Asst. Dist. Atty., Houston, Lisa C. McMinn, State's Atty., Austin, for State.

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

Appellant was charged with aggravated robbery. Two accomplice witnesses testified that appellant participated with them in the crime. The jury charge did not contain accomplice-witness instructions, and appellant did not request any. On appeal from his conviction, appellant contended that he was egregiously harmed by the lack of accomplice-witness instructions.

The court of appeals agreed.[1] Although the accomplice-witness testimony made out a solid case against appellant, and that testimony was corroborated by non-accomplice testimony, the court of appeals concluded that the connection supplied by the non-accomplice evidence was weak, and the error was therefore harmful.[2]

But the corroborating evidence was undisputed. In *Saunders v. State*, we held that a defendant suffered egregious harm when the non-accomplice evidence only weakly connected the defendant to the offense *and* that connecting evidence was contradicted.[3] We have not had occasion

---

**1.** *Freeman v. State*, 352 S.W.3d 77, 86–87 (Tex.App.-Houston [14th Dist.] 2011).

**2.** *Id.* at 83, 85–86. The court of appeals found that the only non-accomplice evidence connecting appellant to the crime was "the fact that, several hours after the offense and in the company of two of the other accomplices, appellant was one of three black men asleep at [the codefendants'] apartment, where police found physical evidence that could be connected circumstantially to the robbery." *Id.* at 83.

**3.** 817 S.W.2d 688, 692–93 (Tex.Crim.App. 1991) ("But because the testimony was conflicting on these points and the inculpatory inferences tenuous in any case, it is clear to

to determine whether the "egregious harm" standard can be met solely on the basis that the non-accomplice evidence only weakly connects the defendant to the crime. A weak connection still "tends to connect" a defendant to an offense,[4] and therefore it fulfills the requirement of the accomplice-witness statute. And it seems at least questionable whether a defendant who fails to request an accomplice-witness instruction under these circumstances has been denied a fair and impartial trial.[5] This is not a case in which the defendant could claim that the jury might have disbelieved the corroborating evidence. At most, the defendant might claim that the jury might have come to a different conclusion than the appellate courts about whether this evidence was sufficient to connect him to the offense.

The State's second ground for review complains that the court of appeals applied an incorrect standard when "it found only that the circumstantial evidence tending to connect appellant to the offense was weak but failed to also find that the jury had a rational basis for disregarding it." I would grant review of the State's second ground and address whether egregious harm can be found solely on the basis that the undisputed evidence only weakly connects a defendant to the offense. I respectfully dissent.

---

us that rational jurors would certainly have found the State's case significantly less persuasive.").

4. The court of appeals did not hold that the evidence was insufficient to connect appellant to the offense. Such a holding would result in an acquittal, which did not occur here.

5. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g) (test for egregious harm is whether the defendant has been denied a fair and impartial trial).